UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DUTCH CHRISTOPHER LINDE-
BURG,

 *Plaintiff*,

              Case No. 5:25-CV-01269-JKP

v.

ARCHDIOCESE OF SAN ANTONIO,

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Archdiocese of San Antonio's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*). Plaintiff Dutch Christopher Lindeburg and Intervenor Plaintiff Lydia Shannon Taylor filed a Response, (*ECF No. 21*), and Supplement to their Response, (*ECF No. 22*). Upon consideration, Defendant's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*), shall be granted-in-part and denied-in-part.

## BACKGROUND

This case concerns Plaintiff Dutch Christopher Lindeburg's ("Lindeburg") former employment with Defendant Archdiocese of San Antonio ("the Archdiocese").[1] *See*, *generally*, *ECF No. 19*. As alleged, the Archdiocese hired Lindeburg on February 14, 2023, for a facilities maintenance role and, on December 4, 2023, the Archdiocese terminated Lindeburg. *Id*. at 4 and 7.

---

[1] Plaintiff sues Defendant as the "Archdiocese of San Antonio d/b/a St. Peter the Apostle Catholic Church." *See ECF No. 19*. Defendant clarifies in its Motion to Dismiss it is properly named as "Gustavo Garcia-Siller, Archbishop of the Archdiocese of San Antonio, and acting on behalf of The Archdiocese of San Antonio, and St. Peter the Apostle Catholic Church." *ECF No. 20* at 2 n.1.

In the Second Amended Complaint Lindeburg alleges, among other things, the Archdiocese failed to accommodate his alleged disability and failed to compensate him for overtime. *Id*. at 4–8. Intervenor Plaintiff Lydia Shannon Taylor ("Taylor") alleges, vaguely, harm resulting from being present on the premises. *Id*. at 12–13. Specifically, Lindeburg asserts the following causes of action:

(1)    "FLSA Unpaid Overtime (29 U.S.C. § 207)";

(2)    "FLSA Retaliation 29 U.S.C. § 215(a)(3))";

(3)    "FLSA Recordkeeping (29 U.S.C. § 211(c))";

(4)    "ADA Failure to Accommodate";

(5)    "ADA Failure to Engage in the Interactive Process (Alternative)";

(6)    "ADA Discrimination";

(7)    "ADA Retaliation"; and

(8)    "ADA Hostile Work Environment."

*ECF No. 19* at 8–12. As stated, Taylor asserts a cause of action for: (9) "Premises Liability and Negligence." *Id*. at 12.

The Archdiocese now moves to dismiss Lindeburg's FLSA and ADA causes of action as untimely, and Taylor's cause of action as untimely and insufficiently plead. *See*, *generally*, *ECF No. 20*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d

3

467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Federal Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

## ANALYSIS

### I.   Fair Labor Standards Act ("FLSA")

In its Motion to Dismiss, the Archdiocese argues Lindeburg's FLSA causes of action are untimely due to the two-year statute of limitations applicable to such claims, and that Lindeburg failed to plead any facts demonstrating the Archdiocese willfully violated the FLSA which would trigger the application of the three-year statute of limitations. *ECF No. 20* at 4–5. In his Response, Lindeburg counters his allegations plausibly support an inference of willfulness sufficient to invoke the three-year statute of limitations period at this stage. *ECF No. 21* at 4.

There is a two-year statute of limitations for FLSA claims, except for willful violations, which may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a). A violation is willful when an employer knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). FLSA regulations define "reckless disregard" as failure to make an adequate inquiry into whether conduct complies with the FLSA. 5 C.F.R. § 551.104 (2007). The burden is on the plaintiff to show willfulness. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016).

Lindeburg has alleged sufficient facts to demonstrate a plausible claim that the Archdiocese acted willfully. For example, Lindeburg alleges "[a]t the time of hiring, the position was represented as a regular Monday-Friday schedule [,but] [u]pon commencement of work, the

4

schedule imposed differed materially." *ECF No. 21* at 4. According to Lindeburg, he "began working overtime within the first weeks of official employment." *Id*. Lindeburg further alleges "Rick Martini [, his supervisor] instructed Lindeburg to report only 40 hours on his weekly time-sheets, regardless of actual hours worked." *Id*. at 4. "Rick Martini represented that hours worked in excess of 40 would be banked and available for later use." *Id*. "Lindeburg relied on these representations and worked extended hours under the belief that the banked time would be available toward the end of the year when Lindeburg's father, Wally, who was in the final stages of pancreatic cancer, would require Lindeburg's presence." *Id*. at 5. "Lindeburg worked in excess of approximately 400 overtime hours without overtime compensation." *Id*. at 5.

Regarding willfulness, the Archdiocese's Motion is without merit. While the Archdiocese argues "Plaintiff fails to include any facts in his Second Amended Complaint that demonstrate the Archdiocese willfully violated the FLSA," the Second Amended Complaint contains a section addressing willfulness directly. *See ECF No. 19* at 8; *ECF No. 20* at 4–5. Lindeburg alleges "Defendant's violation was willful in that supervisory personnel directed or encouraged underreporting of hours, represented excess hours as banked time, required reductions or adjustments to obtain approval, and maintained operational controls supporting knowledge of after-hours work." *ECF No. 19* at 8. Lindeburg further alleges the Archdiocese "knew or should have known Lindeburg was working overtime because Rick Martini [, his supervisor,] assigned the tasks and controlled time reporting practices." *ECF No. 19* at 9.

Accordingly, Lindeburg has alleged facts that, taken as true, would have triggered the Archdiocese's duty to investigate whether he was working off the clock and without compensation. Therefore, he has stated a plausible claim for a willful violation. *See Ferguson v. Tex. Farm Bureau Bus. Corp.*, Civil Action No. 6:17-CV-00111, 2017 WL 7053927, at *6 (W.D. Tex. July

26, 2017) (finding that factual allegations giving rise to a duty to investigate FLSA compliance state a claim for willfulness).

As will be discussed in the next section of this opinion dedicated to Lindeburg's Americans with Disabilities Act causes of action, Lindeburg filed suit on October 8, 2025. *ECF Nos., 1, 1-1*. Because his Second Amended Complaint contains allegations satisfying the pleading requirement for willfulness, his claim is subject to a three-year limitations period, and he can bring claims that accrued on or after October 8, 2022. As alleged, the Archdiocese hired Lindeburg on February 14, 2023, for a facilities maintenance role and, on December 4, 2023, the Archdiocese terminated Lindeburg. *ECF No. 19* at 4 and 7. Lindeburg's FLSA claims therefore are not time-barred.

Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*), is denied in this regard.[2]

## II.    Americans with Disabilities Act ("ADA")

In its Motion to Dismiss, the Archdiocese argues Lindeburg's ADA causes of action are untimely because Lindeburg's Complaint was filed "beyond the 90-day deadline to file suit, which was October 9, 2025." *ECF No. 20* at 5. In his Response, Lindeburg counters he is "proceeding *pro se* and *in forma pauperis*, and any delay attributable to court processing, screening, or administrative handling should not be held against him where he acted diligently to initiate the action within the required period." *ECF No. 21* at 6.

---

[2] *E.g.*, *Cunningham v. Hamilton-Ryker IT Sols., LLC*, No. 3:21-CV-00302, 2022 WL 868709 (S.D. Tex. Feb. 16, 2022), *R. & R. adopted*, No. 3:21-CV-00302, 2022 WL 861512 (S.D. Tex. Mar. 23, 2022); s*ee Heilman v. COSCO Shipping Logistics (N. Am.) Inc.*, No. 4:19-CV-01695, 2020 WL 1452887, at *2 (S.D. Tex. Jan. 22, 2020) (finding allegations that "Defendant was aware that [the plaintiff] was performing such compensable work . . . [and] Defendant failed and refused to compensate [the plaintiff]" sufficient to survive a motion to dismiss); *Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016) (finding allegations that "Defendant acted willfully and intentionally because Defendant knew of the FLSA's minimum wage and overtime requirements, yet 'recklessly failed to investigate' whether its payroll practices were in accordance with the FLSA" sufficient to survive a motion to dismiss).

Lindeburg had ninety days from the receipt of his EEOC right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e–5(f)(1). For statute of limitations purposes, the Fifth Circuit has held a complaint in an action in which leave to proceed *in forma pauperis* is requested is generally deemed to have been filed on the day the motion is received by the clerk, or on the date the complaint is lodged. *Hernandez v. Erazo*, No. 5:22-CV-01069, 2023 WL 2775165, at \*7 (W.D. Tex. Apr. 4, 2023), (citing *Ynclan v. Dept' of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991) ("delay by the clerk in stamping a complaint "filed" due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit.").[3]

Lindeburg alleges receiving his Notice of Right to Sue July 11, 2025. *ECF No. 19* at 2. This means Lindeburg must have filed his civil action no later than October 9, 2025. The record indicates Lindeburg filed his Motion to Proceed *in forma pauperis*, alongside his Proposed Complaint, on October 8, 2025. *See ECF No. 1, 1-1*. In this case, Lindeburg's Proposed Complaint was received by the Clerk of Court within the ninety-day time frame.

Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*), is also denied in this regard.[4]

### III.    Negligence and Premises Liability

---

[3] *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990), *cert. denied*, 498 U.S. 1086 (1991); *Martin v. Demma*, 831 F.2d 69 (5th Cir. 1987) ("Clerical delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court."); *see also McClelland v. Herlitz, Inc.*, 704 F. Supp. 749, 751 (N.D. Tex. 1989) (noting that "the operative date for limitations purposes is the date the clerk of court initially receives the complaint and the request for leave to proceed IFP"); *see also Smith v. Ouzts*, 629 F. Supp. 1001, 1001 (S.D. Miss. 1986) ("[S]ince the Plaintiff had no control over when the Magistrate would allow his Complaint to be filed, the operable date for the purposes of the statute of limitation is the date of receipt by the Clerk of the Court."); *e.g.*, *Melson v. Chetofield*, No. 2:08-CV-03683, 2009 WL 537457, at \*2 (E.D. La. Mar. 4, 2009) (citing *Ynclan v. Dept. of A.F.*, 943 F.2d 1388, 1393 (5th Cir. 1991)); *Elias v. Randstad Work Sols.*, No. 5:07-CV-00405, 2008 WL 2036824, at \*2–3 (W.D. Tex. May 9, 2008).

[4] To the extent the Archdiocese also argues it received service on January 29, 2026, eight days after the service deadline of January 21, 2026, the Court notes U.S. Magistrate Judge Henry J. Bemporad ordered service be accomplished by the U.S. Marshals in this case. *ECF No. 3*. The Archdiocese provides no authority for the proposition that a delay in service by the U.S. Marshals constitutes a ground for dismissal. *See ECF No. 20*.

In its Motion to Dismiss, the Archdiocese finally argues Intervenor Plaintiff Taylor's premises liability and negligence cause of action should be dismissed because Taylor did not allege any unreasonably dangerous condition on the premises or that the Archdiocese owed her a duty. *ECF No. 20* at 6–7. In her Response, Taylor counters her "direct injury claims [are] grounded in Defendant's alleged creation of maintenance of unsafe, unsupported, and foreseeably harmful conditions." *ECF No. 21* at 15–16.

### A.   Premises Liability

To prevail on a premises liability claim, a plaintiff-invitee must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiffs injuries. *Rivas v. Wal-Mart Stores Texas, L.L.C.*, No. 1:16-CV-00224, 2017 WL 4083189, at *3 (S.D. Tex. Aug. 11, 2017), *R. & R. adopted*, No. 1:16-CV-224, 2017 WL 4082312 (S.D. Tex. Sept. 13, 2017), *aff'd*, 736 F. App'x 487 (5th Cir. 2018) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

### B.   Negligence

Texas law requires three elements to sustain an ordinary negligence claim: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). Consistent with *Twombly/Iqbal*, a general recitation of these elements is insufficient to state a negligence claim. *See Fareed v. Accreditation Council for Graduate Med. Educ.*, 903 F. Supp. 2d 492, 499 (S.D. Tex. 2012). Failure to allege a required

element of a cause of action likewise warrants dismissal. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

### C.   Taylor's Allegations

Taylor's allegations in the Second Amended Complaint consist of the following:

J. Taylor Presence and Direct Impact

80. During the relevant period, Taylor was present on Defendant's premises on multiple occasions in 2023, including during after-hours lock-up periods and or event setup periods.

81. Taylor personally observed Lindeburg performing extended after-hours duties and observed working conditions and practices that included late-night operations and heavy or solo assignments.

82. Taylor alleges her symptoms and physical-health impacts began during or after the period of extended after-hours duties in 2023 and continued thereafter, with hypertension and related complications that she will prove through medical records.

. . .

COUNT IX – PREMISES LIABILITY AND NEGLIGENCE
(TEXAS LAW)
(PLAINTIFF LYDIA TAYLOR)
(INDEPENDENT; NON-DERIVATIVE)

135. Taylor incorporates the preceding paragraphs to the extent they constitute background facts.

136. Taylor's claim is independent and not derivative.

137. Defendant knew or should have known Taylor was physically present on the premises as a lawful visitor on multiple occasions during 2023.

138. Defendant maintained operational control over premises conditions and work assignments in a manner that increased the risk of harm to lawful visitors, including by continuing hazardous work practices and extended-hours operations.

139. It was foreseeable that unsafe conditions and hazardous practices could result in injury or harm.

9

140. Defendant breached its duty to maintain reasonably safe premises and to avoid creating or increasing unreasonable risks of harm.

141. As a direct and proximate result, Taylor suffered physical injuries and related impairment, including hypertension, thyroid dysfunction, kidney complications, and related complications, which she will prove through medical records.

142. Independence and severability: Taylor's Count IX does not depend upon the viability of Lindeburg's federal claims or any marital-status-based derivative theory, and if any claim by Lindeburg is dismissed or limited, Taylor's independent state-law claim proceeds to the fullest extent permitted under supplemental jurisdiction and applicable Texas law.

X. TAYLOR DAMAGES SEPARATE AND INDEPENDENT

143. Taylor's damages are separate and independent from Lindeburg's damages.

144. Taylor does not seek Lindeburg's unpaid wages, employment reinstatement, or relief dependent upon the success of Lindeburg's federal employment claims.

145. Taylor seeks damages based on her own direct injuries, including physical injury and related impairment, and associated damages as permitted under Texas law.

*ECF No. 19* at 8 and 12–13.

Upon review of Taylor's allegations, Taylor has not plead: (1) that the Archdiocese had actual or constructive knowledge of any condition on the premises that posed an unreasonable risk of harm; and (2) that the Archdiocese owed her any duty of care or how the Archdiocese breached any duty of care. *See ECF No. 19*. At best, construing the Second Amended Complaint liberally, it appears Taylor alleges she was a "visitor on multiple occasions during 2023" while observing "Lindeburg performing extended after-hours duties" and "her symptoms and physical-health impacts began during or after the period of extended after-hours duties in 2023 and continued thereafter." *ECF No. 19* at 8. Considering all relevant facts alleged, which the Court reproduced above, Taylor's assertions are impermissibly conclusory and lack critical factual content.

Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*), is granted in this regard.

## IV.    Leave to Amend

In their Response, Lindeberg and Taylor state that "if the Court finds any count insufficiently pleaded, Plaintiffs respectfully request leave to amend." *ECF No. 21* at 18.

The Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*, (*see ECF No. 5*), states "[t]o advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a Federal Rule of 12(b)(6) Motion to Dismiss." "Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss. Consequently, if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002))

Here, the record indicates Plaintiffs have twice amended their Complaint. *ECF Nos. 4, 11, 19*. Plaintiffs filed a First Amended Complaint on January 9, 2026, (*ECF No. 11*), and later, on February 17, 2026, filed Plaintiff's Advisory of Intent to Amend, (*ECF No. 16*). In the Advisory, Plaintiffs state "[o]n or about February 11, 2026, Defendant's counsel provided written notice of intent to file a Motion to Dismiss . . . identifying alleged deficiencies in Plaintiff's First Amended Complaint . . . Plaintiff will file the Second Amended Complaint within seven (7) days of the filing of this Advisory, in accordance with the Standing Order." *Id*. On March 3, 2026, Plaintiff filed their Second Amended Complaint. *ECF No. 19*. The Archdiocese then filed the

instant Motion to Dismiss. *ECF No. 20*. On this record, Plaintiffs have already been provided notice of the proposed deficiencies and the opportunity to amend their pleading prior to the Archdiocese's filing.

Therefore, Plaintiffs request to file a third amended complaint is denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim, (*ECF No. 20*), is **GRANTED-IN-PART AND DENIED-IN-PART**. Intervenor Plaintiff Lydia Shannon Taylor's asserted cause of action for: (9) "Premises Liability and Negligence," (*ECF No. 19* at 12), is **DISMISSED**. The Clerk of Court is **DIRECTED** to remove Intervenor Plaintiff Lydia Shannon Taylor from this case.

It is so ORDERED.
SIGNED this 25th day of May, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE